The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The Revised Pre-Hearing Agreement filed by the parties on May 13, 1993, is incorporated herein by reference, as if fully set forth.
2. The issues for determination are:
 (a) Whether the plaintiff has sustained a substantial change of condition since the prior hearing on October 23, 1991 and the Opinion and Award filed on June 30, 1992.
 (b) Whether the plaintiff is entitled to continued medical treatment.
 (c) Whether the plaintiff's chiropractic treatment was properly authorized or approved.
 (d) Whether the defendants should be sanctioned for the failure to pay the September 11, 1990 and January 4, 1991 bills from Frye Hospital. The parties have agreed that these bills have now been paid.
* * * * * * * * * * *
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. At the time of this hearing, the plaintiff was a 39 year old male who had sustained a compensable injury to his back on September 11, 1990 when the plaintiff fell from a ladder.
2. As a result of the fall, the plaintiff sustained a Burst fracture of the T-12 vertebrae and came under the treatment of orthopedic surgeon, Dr. P.E. Brown. Dr. Brown performed a T10-L2 fusion with bilateral rod and sleeve stabilization. Following the first surgery, and while still hospitalized, plaintiff was very combative, got out of bed without brace support and fractured the rods in his back. Replacement surgery was performed in October of 1990. In January of 1991; a third surgery was performed to remove the rods due to discomfort in the upper spine.
3. The bills for the September 1990 hospitalization and the January 1991 hospitalization were initially not paid by the carrier following the Opinion and Award by Deputy Commissioner Rush. However, the refusal to pay the bills was due to their not having been submitted on the appropriate Industrial Commission forms. The bills were subsequently paid by the carrier when properly submitted by Frye Hospital.
4. On December 4, 1991, Dr. Brown found that the plaintiff had reached maximum medical improvement, and rated him as retaining a twenty percent (20%) permanent partial impairment to his back. Dr. Brown advised the plaintiff to return if he had any problems with his back.
5. Since the 1990 injury, the plaintiff has been self-employed as a carpenter, returning to work in February or March of 1991.
6. The plaintiff was next seen by Dr. Brown on August 7, 1992 with complaints of pain in mid and upper back. Dr. Brown advised the plaintiff that he probably would require intermittent therapy for his back. Dr. Brown indicated that the plaintiff did not request referral to physical therapy or to any other therapy for his back.
7. Dr. Brown next saw the plaintiff on June 2, 1993, at which time the plaintiff still had aching and stiffness in his back. Dr. Brown noted that there were no significant lumbar changes but the plaintiff was getting some increased strain from the stress on the back. He further noted that intermittent chiropractic therapy helps the pain and stiffness. However, the plaintiff again did not request any referral by Dr. Brown for physical or chiropractic therapy.
8. Dr. Brown has opined that certain physiotherapy modalities may be of benefit to the plaintiff with regard to his aching pain and stiffness. Dr. Brown has further indicated that there was no significant change of plaintiff's condition in 1992 or 1993, but that plaintiff's condition was consistent with his permanent back impairment rating.
9. The plaintiff testified that upon his return to work after the injury, he was unable to engage in activities after work due to stiffness and aching in his back. The plaintiff referred himself to William L. Koehler of Koehler Clinic of Chiropractics on August 26, 1992. Dr. Koehler performed spinal manipulations and physical therapy on the plaintiff, initially every other day, then weekly and monthly. Dr. Koehler has opined that the plaintiff will likely require therapy for the duration of his lifetime.
10. At no time did the plaintiff request that Dr. Brown refer him to a physical therapist or a chiropractor. The plaintiff did not request permission from either the defendant-carrier or the Industrial Commission to seek physical or chiropractic therapy.
Despite plaintiff's failure to obtain referral, authorization, or approval for his chiropractic treatment, Dr. Brown has since testified that such ongoing chiropractic treatment may be of benefit with regard to his aching pain and stiffness. Thus, in helping to alleviate the pain, the chiropractic care has served to give relief.
11. The plaintiff has requested that the defendants purchase and provide for him a "back machine" on which he can perform home therapy. Dr. Brown has expressed that opinion that the back machine may be of limited effectiveness for the plaintiff; however, as he has never actually seen the machine, Dr. Brown indicated that the value of the machine's therapy may be speculative. The plaintiff has indicated that he may need other therapy for his back in addition to the "back machine."
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. The plaintiff has not sustained a substantial change of condition to his back within the meaning of N.C. GEN. STAT. § 97-47.
2. The plaintiff is entitled to medical treatment pursuant to N.C. GEN. STAT. §§ 97-25, 97-2(19), and Hyler v. G.T.E.Products, 333 N.C. 258 (1993), so long as the medical treatment effects a cure, provides relief or lessens the period of disability. The plaintiff has carried the burden of proving that he will require ongoing physiotherapy as a result of the 1990 work-related injury.
Despite plaintiff's failure to notify the defendants of the need for therapy or to request permission from the Commission to pursue such treatment, the Full Commission at this time and in its discretion, retroactively authorizes such treatment in that it tends to provide relief to plaintiff. G.S. 97-2(19). Accordingly, plaintiff is entitled to the payment of any medical expenses incurred as a result of the chiropractic treatment by Dr. Koehler from August 26, 1992 to the filing date of this Full Commission Opinion and Award.
Plaintiff should apply to the Industrial Commission to seek approval for any further chiropractic or medical care prior to receiving such care.
3. The plaintiff is entitled to return to Dr. P.E. Brown for medical treatment, or to such physiotherapy as may be ordered by Dr. Brown which effects a cure, provides relief or lessens the period of plaintiff's disability.
4. The plaintiff is not entitled at this time to have defendants provide a "back machine", as the plaintiff has failed to sufficiently and convincingly carry the burden of proving that this device would be beneficial. The recommendation or approval of physical therapy devices shall be left to the expertise of Dr. Brown, plaintiff's treating physician.
5. Plaintiff has requested that attorney's fees be awarded, pursuant to G.S. 97-88.1, for the costs of the initial hearing, due to "defendants' stubborn and unfounded litigiousness." The undersigned, in their discretion, have determined that plaintiff's motion for attorney's fees should be DENIED. The Deputy Commissioner was not in error in not awarding an attorney's fee in the matter.
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Medical treatment provided by Dr. P.E. Brown, or any physiotherapy or devices ordered by Dr. Brown for the. P.E. plaintiff incurred or to be incurred from the date of this Opinion and Award shall be paid by the defendants once the bills have been submitted and to and approved by the Commission.
2. Defendants shall additionally be responsible for paying for the treatment by Dr. Koehler from August 26, 1992, to the filing date of this Full Commission Opinion and Award. Plaintiff should apply to the Industrial Commission to seek approval for any further chiropractic or medical care prior to receiving such care.
3. Defendants shall bear the costs of this action, including an expert witness fee in amount of $300.00 to P.E. Brown, M.D., and $90.00 to William L. Koehler, D.C.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1994.
 S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ CHARLES A. CLAY DEPUTY COMMISSIONER
S/ _____________________ J. HAROLD DAVIS DEPUTY COMMISSIONER
JHB/nwm 08/15/94